UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 1:04-cr-10257-1 |
| ) | |
| AARON BAILEY ) | |

**MOTION TO REQUEST DETENTION HEARING AND**
**MEMORANDUM IN SUPPORT OF PRE-TRIAL RELEASE**

The defendant, Aaron Bailey, respectfully requests the Court schedule a detention hearing in this case. At his arraignment on September 14, 2004, Mr. Bailey agreed to voluntary detention. He now wishes to propose specific conditions of release for the Court's consideration.

I. PROPOSED CONDITIONS OF RELEASE

1. Remain in the third party custody of Irene Cotto[1], the mother of his girlfriend Isabel Cotto, who resides at 812 Parker Street, Apartment 1, Roxbury, MA. 02120, Mr. Bailey's mother and father Sherry and Samuel Bailey as well as his brother Samuel Bailey Jr. will also act as third party custodians;

---

[1] Aaron Bailey's mother and father are very supportive of Aaron and would be happy to have him in their home as custodians. Their home is not proposed because they live in subsidized housing which Mr. Bailey cannot be released to as a felon per the housing authority regulations. Irene Cotto has known Aaron Bailey for approximately 18 months which is the length of time he has been dating her daughter.

2.   Participate in an electronic monitoring program, when not working or otherwise permitted to be outside the stipulated abode;

3.   Maintain employment on the terms stipulated by the Court;

4.   Agree to have his phone consensually monitored at the home, if the Court desires;

5.   Avoid all contact with potential witnesses;

6.   Report on a regular basis to Pre-Trial Services, either in person or by phone, as often as is required.

7.   Drug screening as the Court or probation deem necessary.

## II.  LEGAL FRAMEWORK

18 U.S.C. Sec. 3141, _et_ _seq_., is entitled Release and Detention Pending Judicial Proceedings and controls herein. 18 U.S.C. 'Sec. 3142, mandates the Pre-Bail Reform Act of 1984" (The Act) presumption that release _shall_ be ordered upon personal recognizance or upon unsecured appearance bond for the majority of Federal defendants. _United States v. Berrios-Berrios_, 791 F.2d 246, 250 (2nd Cir 1986) _quoting_ S. Rep. at 3189. The legislative history of The Act makes clear that detention is to be the exception, rather than the rule. _U.S. v. Holloway_, 781 F.2d 124, 125 (8th Cir. 1986) _quoting_ pp. 3-7 from S.Rep. at 3189.

Pre-trial detention is authorized only upon proof by the Government that no condition or combination of conditions will

either reasonably assure the appearance of the Defendant as required, (standard of proof by a preponderance of the evidence for risk of flight) or will reasonably assure the safety of any other person and the community, 18 U.S.C. 'Sec. 3142(f) (standard of proof by clear and convincing evidence for continuing danger index).

The federal judicial officer must impose the least restrictive bail conditions necessary to ensure public safety assuming, <u>arguendo</u>, that release on personal recognizance or unsecured appearance bond will not provide adequate assurances. 18 U.S.C. 'Sec. 3142 (c); <u>U.S. v. Himler</u>, 797 F.2d 156, 161. Section 3142(c) sets out a list of possible conditions which a judicial officer may impose, while Section 3142(g) sets out factors to consider in determining whether any of the aforementioned conditions will in fact reasonably assure safety or appearance.

It is respectfully suggested that Aaron Bailey is a candidate for release.

### III.  ARGUMENT

A.  BAILEY POSES NEITHER A DANGER TO THE SAFETY OF THE COMMUNITY OR ANY PERSON THEREIN NOR A RISK OF FLIGHT.

Bailey poses neither a risk of flight nor a danger to the community should he be released.  If released, as stated above, the Defendant plans to reside in Roxbury with the mother of his

girlfriend, Pedro Cotto, the father of his girlfriend, also resides in the residence.

Aaron Bailey's parents and brother are also willing to serve as surety/guarantors for him. Little money is available through family and friends to offer the Court as bail.

It is respectfully suggested that ordering Bailey's release upon the conditions above constitutes the most just resolution.

Respectfully Submitted,<br>
Aaron Bailey,<br>
By his attorney,<br>
<br>
__/S/ Frank Fernandez_____<br>
Francisco Fernandez, BBO 653771<br>
Denner O'Malley, LLP<br>
Four Longfellow Place, 35th Floor<br>
Boston, Massachusetts 02114<br>
(617) 227-2800

**CERTIFICATE OF SERVICE**

I, Francisco Fernandez, attorney for the Defendant in the above-captioned action, do hereby certify that on this 28th day of September, 2004, a true and exact copy of the foregoing Motion, was served, by e-mail to AUSA Paul Moore and to Pre-Trial Services Officer Basil Cronin.

_/s/ Frank Fernandez___<br>
Francisco Fernandez