# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                                CRIMINAL NO. 2004- 10257-MEL

AARON ERIC BAILEY,
       Defendant.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

    Aaron Eric Bailey ("Bailey" or "the defendant") appeared on November 9, 2004 with counsel for a detention hearing. He is charged with "knowingly" possessing a firearm and ammunition on June 15, 2004, having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

    The purpose of a detention hearing is as stated in the statute - i.e., "...to determine whether any condition or combination of conditions...(of release) will reasonably assure the appearance of the person as required and the safety of any other person and the community...".

It is important to note that the statute, 18 U.S.C. § 3142(e), contains a presumption which is applicable to the case at bar. The statute provides:

> In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that-
>
> (1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
>
> (2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State or local offense; and
>
> (3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

The instant case is one "...described in subsection (f)(1)..." of section 3142, specifically subsection (f)(1)(D).[1]  Bailey was convicted of assault and battery in the Dorchester District Court on April 29, 1999. He was also convicted of assault and battery in the Dorchester District Court on January 14,

---

[1] By using subsection (f)(1)(D), the Court sidesteps the rather uncertain question as to whether a violation of 18 U.S.C. § 922(g)(1) is a "crime of violence." *See Leocal v. Ashcroft,* ___ U.S. ___ 2004 WL 2514904 (November 9, 2004).

1998. These are both "crime[s] of violence" as defined in 18 U.S.C. § 3156(a)(4)(A) which provides:

> (4) the term "crime of violence" means -
>
> > (A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the *person...of another*...

Emphasis supplied.

So, in the words of 18 U.S.C. § 3142(f)(1)(D), Bailey has been convicted of "two...State...offenses that would have been offenses described in subsection[] (A) (18 U.S.C. § 3142(f)(1)(A) if a circumstance giving rise to Federal jurisdiction had existed...". Thus, the first requirement of the presumption has been met.

As to the second requirement, on the date on which he committed these crimes, i.e., January 14, 1998 and March 15, 1999, Bailey was on release from the Dorchester District Court and Suffolk Superior Court respectively.

Lastly, as to the third requirement, not more than five years have elapsed since December 2, 1999 when he was committed to a prison term of sixteen (16) months on the April 29, 1999 conviction for assault and battery.

Thus, it is presumed that no conditions or combination of conditions of

release will reasonably assure the safety of other persons and the community. Although the First Circuit has not had occasion to construe this presumption, I will assume that, if faced with the question, the First Circuit would construe it the same way it construed the second presumption contained in 18 U.S.C. § 3142(e) in the case of *United States v. Jessup, supra.* The presumption does not shift the burden of persuasion to the defendant; it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress' judgment that defendants who have recently been convicted of felonies which were committed when they were on release (or bail) are dangerous and pose a particularly great risk to the safety of other persons and the community.

I shall assume without deciding that the defendant met his burden of production; however, I find that the Government has proven by clear and convincing evidence that there are no conditions or combination of conditions which will reasonably assure the safety of other persons and the community.

The defendant is charged with a serious offense. The evidence appears very strong; it is likely he will be convicted.

The history and characteristics of the defendant are not conducive to release.  The defendant has a serious prior record, including juvenile adjudications for knowingly receiving stolen property (four offenses) (1993), two adjudications for the same offense in (1994), possession of burglarious tools and larceny of a motor vehicle (1994) and possession of a Class B substance (1995).  He has adult convictions for knowingly receiving stolen property (two offenses) (1997 and 1998), assault and battery (1998), assault and battery with a dangerous weapon (1999), assault and battery on a police officer (1999), assault and battery (1999), possession of a Class D substance (1999), possession of a controlled substance (2002), possession of ammunition (four offenses) (1992), possession of a Class B substance (2004) and possession of a Class D substance (2004).  In addition, he has violated probation on numerous occasions.

The history and characteristics of the defendant do not support release.  He is only 25 years old and has compiled a substantial criminal history.  He is unemployed.  Although he has ties to the community, these ties have not been effective in deterring him from committing crimes.

In addition, I give substantial weight to the presumption contained in 18 U.S.C. § 3142(e), recited, *supra,* because, in my judgment, the defendant closely

resembles the Congressional paradigm. *Palmer-Contreras*, 835 F.2d at 17-8.

Based on all of the above, I find that there are no conditions or combination of conditions of release that will reasonably assure the safety of other persons and the community. I find that the facts which form the basis of the conclusion that there are no conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community have been proven by clear and convincing evidence.

Accordingly, pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Indictment. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

> (l)  The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
>
> (2)  The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> (3)  On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the

defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. Sec. 3145(b).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: November 10, 2004.