UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 04-10257-DPW |
| AARON ERIC BAILEY,<br>          Defendant. | ) ) ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S LETTER TO THE COURT

The government has received a copy of defendant Aaron Eric Bailey's handwritten letter to this Honorable Court and hereby responds in an effort to promote an enhanced understanding of the matter's current status, from the perspective of the government.

Defendant Bailey, whose counsel recently filed a Motion to Withdraw (but upon which Motion the Court has not acted at this time), asserts that his family indicated to him that he had signed some sort of written statement tending to admit his guilt in this matter. On this assertion, perhaps the government can be helpful by clarifying the following:

1. The government has not drafted a plea agreement in this matter (which might otherwise, conceivably, have been the document which Mr. Bailey may either have signed or thought that he had signed).

2. The government has neither created any document nor provided to the Defendant any document upon which the Defendant's signature might be construed as an admission of guilt in this matter.

3. Counsel for the Defendant has consistently represented to the government Mr. Bailey's indecision on his preference for the disposition of this matter (whether

by trial or plea).

4. It appears to the government that Mr. Bailey's criminal record is extensive and that the Court's eventual findings on his record could conceivably affect a likely sentencing range. In so discussing this with Counsel for the Defendant, the government and Counsel agreed that petitioning this Court to order a Pre-Plea Pre-Sentence Report might well be beneficial in the attempt to determine the matter's ultimate outcome. Thereafter, the Defendant submitted a request for such a Pre-Sentence Report in an effort to more conclusively inform both parties as to the probable consequences of a plea (or trial) in this matter.

5. Having so stated, both the government and Counsel agreed that (to them) it did not appear that the defendant's criminal history would be such that he would be placed into a higher (than anticipated) sentencing range. With that, the parties believed that the matter would likely be resolved short of trial.

6. The government is fully prepared to go to trial in this matter in the event that this Court determines that Defendant's currently scheduled Rule 11 date (March 31) is no longer appropriate.

                                                            Respectfully submitted,

                                                            MICHAEL J. SULLIVAN
                                                            United States Attorney
By:

                                                           /s/ Paul R. Moore
                                                           Paul R. Moore
                                                           Assistant U.S. Attorney

DATE:   February 14, 2005

**Certificate of Service**

A copy of this "Response" was provided to Defendant Bailey's Counsel, Francisco J.

Fernandez, on this day, February 14, 2005, via first class mail.

                                                           Respectfully submitted,

                                                           MICHAEL J. SULLIVAN
                                                           United States Attorney
                              By:

                                                           /s/ Paul R. Moore
                                                           Paul R. Moore
                                                           Assistant U.S. Attorney

DATE:   February 14, 2005