UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Cr.No.04-10257-DPW

_____

UNITED STATES OF AMERICA,

v.                                         SENTENCING MEMORANDUM

AARON BAILEY,

    Defendant.
_____

## INTRODUCTION

On August 2, 2005, Aaron Bailey (hereinafter "Defendant" or "Bailey") pleaded guilty to a one count indictment charging him <u>inter alia</u>, with being a Felon in Possession of a Firearm and Ammunition, 18 U.S.C. §922 (g) (1). The PSR concludes that, in accordance with the United States Sentencing Guidelines, the defendant's total offense level is 21 and his Criminal History Category VI, yielding an advisory guideline sentencing range of 77 to 96 months in prison. The defendant requests that the Court consider the mitigating factors outlined herein and sentence him below the range suggested by the advisory guidelines. The advisory guideline range is "only *one* of many factors that a sentencing judge must consider in determining an appropriate individualized sentence". See <u>United States v. Ameline</u> U.S. App. Lexis 2032 (9th Cir. Feb. 9, 2005)(emphasis added) Other factors the Court must consider are the nature and circumstances of the offense, the history and

characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and deterrence to criminal conduct; to protect the public from further crimes of the defendant, to provide the defendant with needed educational, medical care, or other treatment in the most effective manner, and to avoid unwarranted disparities and provide restitution to victims. See United States v. Booker, 125 S. Ct. 738 (2005), at p.19.  These factors as outlined in 18 U.S.C. 3553(a) are meant to achieve a sentence that is "sufficient *but not greater than necessary*". 18 U.S.C.3553(a) (emphasis added), the so-called "parsimony provision", which is not just another §3553(a) factor to consider but is thought to essentially set a "limit" on the Court's sentence.  See United States v. Brown, 2005 U.S. Dist. Lexis 1812, p. 18, (MD Pa., 2005)  The Court may consider mitigating factors which are prohibited by the advisory guidelines.  A defendant's drug abuse and addiction, dysfunctional family background and lack of guidance as a youth are all factors that may be considered.  See Ameline, Id. As to the form of information, "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence". See 18 U.S.C. §3661.

## **MITIGATING FACTORS**

The Defendant's drug abuse and addiction from a very early age and lack of guidance as a youth warrant a reduction in his sentence.  Aaron Bailey was born and raised in Dorchester, MA., he completed the tenth grade before dropping out of

school. With his father and brother occupied with work and studies he spent the majority of time with friends and fell into the "wrong crowd". He began smoking marijuana and drinking alcohol on a regular basis at the age of fourteen. By sixteen he was lacing his marijuana with crack cocaine. PSR ¶65-68 His drug abuse and association with other drug abusers led to his downfall in school, skipping classes and fighting led to his suspension. His parents, strong believers in education, attempted to get him help for his drug addiction to no avail. His father was arrested for physically confronting him regarding his failure at school. PSR ¶68-69 It is evident from the defendant's own admissions and record that he suffers from a longstanding drug problem which has never been properly treated. He was abusing alcohol on a daily basis leading up to his arrest for the instant offense. PSR ¶87-88 Bailey looks at his present situation as a chance to "start over", he is eager to participate in the 500 hour drug program and stay on the right path. He has a seven year old daughter, Teasia, from a previous relationship and remains a part of his daughter's life. He is presently involved in a very supportive relationship with Isabelle Cotto. PSR ¶75-79 He recently married Mrs. Cotto in March of 2005 and has played a large role in raising her 5 year old son who looks up to Mr. Bailey as his father. Mr. Bailey's extensive history of drug abuse and lack of guidance from such a young age warrants a reduction in his sentence and a recommendation that he be allowed to attend the 500 hour drug program available in the Federal Institutions.

 The defendant's advisory guideline range is too draconian and the purpose of sentencing is satisfied with a sentence below the guidelines. Based on two Assault and Battery Convictions out of the Dorchester District Court in 1998 and 1999, PSR

¶42-43, the defendant's advisory base offense level is doubled from Level 12 to Level 24.  The victim in his 1999 conviction is the mother of his child.  She has since recanted her accusation and admitted that she had made up the allegation out of jealousy.  See affidavit attached hereto as exhibit 1.  The defendant's Criminal History Category (CHC) is VI, it includes 2 criminal history points for a conviction which he plead guilty to after committing the instant offense, PSR ¶46  4 criminal history points are related to motor vehicle offenses, including use without authority, PSR ¶38,39,41.   The defendant has an extensive criminal record, this is without question, but when one looks at the personal circumstances surrounding his life, his lack of guidance and addiction to drugs, an argument can be made that it is rehabilitation that is needed rather than a long term of incarceration.  The defendant and society are better served by his receiving drug and vocational counseling as part of a sentence. His prior record has doubled the advisory guideline level and places him in a CHC of VI. Bailey requires drug rehabilitation, a long sentence of imprisonment does not serve him or society any benefit.  In the instant offense the defendant was found in possession of a weapon there was no underlying offense being committed when he was found in possession of this weapon.

   The defendant was placed in state custody for the instant offense on June 15, 2004 and has remained in custody since.  The PSR places the date of arrest as September 10, 2004 which is when the defendant was transferred from state to federal custody.  PSR (face sheet).  The defendant respectfully requests that his federal sentence be reduced by 3 months to specifically account for the approximately 3 months in state custody which are not reflected in the PSR related to this offense.

These are all real mitigating factors to be considered by the Court in deciding a punishment that is "sufficient *but not greater than necessary*". 18 U.S.C. 3553(a)(emphasis added)

Therefore Mr. Bailey respectfully request that this Court make findings of facts consistent with the mitigating circumstances outlined above and sentence him to a range below the advisory guideline level.  Mr. Bailey further requests the Court recommend he be placed in the 500 hour drug program and consider waiving any applicable fines due to his inability to pay.

Dated: September 19, 2005

Respectfully submitted,
Aaron Bailey,
By his attorney,

/S/ Frank Fernandez
Francisco Fernandez
Denner O'Malley LLP
4 Longfellow Place, 35th Floor
Boston, MA  02114
617-227-2800

Certificate of Service

I certify that a copy of this Motion has this day been forwarded to each party by forwarding via e- mail, as follows: Sean Buckley, United States Probation, Paul Moore, Assistant United States Attorney.

Dated: September 19, 2005

/S/ Frank Fernandez
Frank Fernandez