AO 245B    Judgment in a Criminal Case - D. Massachusetts
           Statement of Reasons - Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>AARON ERIC BAILEY<br>a/k/a Samuel Bailey, a/k/a Derrick Barrows<br>a/k/a Christopher Jones | **STATEMENT OF REASONS**<br><br>Case Number: **1: 04 CR 10257 - 001 - D**<br><br>Francisco Fernandez, Esq.<br>Defendant's Attorney |

[x] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

[ ] See Continuation page

**Guideline Range Determined by the Court:**

| | | | | |
|---|---|---|---|---|
| Total Offense Level: | 21 | | | |
| Criminal History Category: | VI | | | |
| Imprisonment Range: | 77 | to | 96 | months |
| Supervised Release Range: | 2 | to | 3 | years |
| Fine Range: | $ $7,500.00 | to | $ $75,000.00 | |

Defendant's Soc. Sec. No.: xxx-xx-8942

Defendant's Date of Birth: xx/xx/1979

Defendant's USM No.: 25356-038

Defendant's Residence Address:
Dorchester, MA 02125

09/23/05
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

The Honorable Douglas P. Woodlock
Judge, U.S. District Court
Name and Title of Judicial Officer

September 23, 2005
Date

Defendant's Mailing Address:

Plymouth County House of Correction
26 Long Pond Road
Plymouth, MA

AO 245B  Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 2

Statement of Reasons - Page  2  of  3

DEFENDANT: AARON ERIC BAILEY
CASE NUMBER: 1: 04 CR 10257 - 001 - DPW

## STATEMENT OF REASONS

[X] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $ _____

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resultin  om the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(  )(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense b  ise the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A)

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense  :ause determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong th  ntencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process  rsuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of  to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circums  es of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or sor  ortion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B     Judgment in a Criminal Case - D. Massachusetts
              Statement of Reasons - Sheet 3

DEFENDANT:    AARON ERIC BAILEY           Statement of Reasons - Page 3 of 3
CASE NUMBER:   1: 04 CR 10257 - 001 - DPW

## STATEMENT OF REASONS

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart [from] the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

☐ The sentence departs from the guideline range:

    ☐ upon motion of the government, as a result of a defendant's substantial assistance, or

    ☒ for the following specific reason(s):

AFTER FULL CONSIDERATION OF THE GUIDELINES, WHILE RECOGNIZING THAT IN GUIDELINES TERM DEPARTURE ON THE BASIS OF OVERSTATEMENT OF CRIMINAL HISTORY WOULD BE WARRENTED, IN [THE] FINAL ANALYSIS THE SENTENCE IS NOT BASED ON A DEPARTURE FROM THE GUIDELINES ACCORDIN[G TO] THE CRITERIA SET FORTH IN THE GUIDELINES, BUT IS A NON-GUIDELINES SENTENCE IMPOSED IN LIG[HT] OF THE OVERARCHING CONCERNS OF 18 U.S.C. § 3553 AS MOST REASONABLE, IN LIGHT OF THE NEED [TO] IMPOSE A SENTENCE LONG ENOUGH BUT NOT LONGER THAN NECESSARY TO ADDRESS THE § 3553 FACTORS, PARTICULARLY REHABILITATION THROUGH THE 500 HOUR DRUG PROGRAM.

☐ See Continuation [Page]