UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 04-10257-DPW |
| AARON BAILEY | ) ) | |

**DEFENDANT'S RULE 35 (a) MOTION**

The defendant, Aaron Bailey ("Bailey"), by and through undersigned counsel, hereby moves this Honorable Court pursuant to Fed. R. Crim. P. 35(a) to correct the 52 month prison sentence imposed on the defendant. The Court made clear that it intends for Mr. Bailey to serve a sentence which would allow him to complete the 500 hour, 15 month, drug program offered in the Bureau of Prisons. The 52 month sentence imposed left 36 months to serve insuring his eligibility for the drug program under the belief this amount of time was necessary.

It has become evident that Mr. Bailey would be eligible for the program with 24 months remaining on his sentence rather than 36 months. The Bureau of Prisons ordinarily considers an inmate for the program within 36 months of his projected release date to account for the 12 month early release credit given to those who are eligible for early release credit and successfully complete the program. Those eligible for the program but who are ineligible for receiving early release credit, such as Mr. Bailey, due to the nature of his offense involving a firearm, may enter the 15 month program within 24 months of their release date.[1] In the reasoning given by this Honorable Court it was evident that the Court considered, for numerous factors stated on the record, a long term of

---

[1]. The information provided to the Court as to 24 months sufficing to qualify for the program was shared by Barbara Flaxington, Coordinator of the Drug Abuse Program at FCI Fairton, a medium security facility in Southern New Jersey, phone. 856-453-1177, it was further confirmed with U.S.P.O. Sean Buckley through information shared by the Bureau of Prisons with the U.S. Probation Department. As long as an inmate in Mr. Bailey's position is not severely delayed in being designated to the proper facility, 24 months suffices to enter and complete the 15 month program. Attached hereto as exhibit 1 is the manual related to the 500 drug program. The manual does not specifically address this issue but rather contains general language stating "ordinarily, the inmate must be *within* 36 months of release" (emphasis added). See Chp. 5.4.1 (4), located in Chp. 5, page 4. Mr. Bailey's situation is not
Footnote continued on next page

imprisonment to be of no benefit to Mr. Bailey or the Community. The Courts objective in assuring Mr. Bailey receives treatment through the 500 hour drug program can be achieved through a corrected total sentence of 40 months imprisonment, which leaves 24 months left for Mr. Bailey to serve while still remaining eligible for the 500 hour drug program. This correction to the sentence is in the interest of justice, is arithmetical and best serves to achieve the Court's objectives as outlined in its reasoning at sentencing.

Respectfully Requested,                                    Dated: September 29,2005

/S/ Frank Fernandez
Frank J. Fernandez, BBO #653771
Denner O'Malley, LLP
Four Longfellow Place, 35th Floor
Boston, MA  02114
Tel. (617) 227-2800

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and exact copy of the foregoing document was served this 29th day of September, 2005, via electronic delivery to AUSA Paul Moore at the U.S. Attorney's Office and U.S.P.O. Sean Buckley.

/S/Frank Fernandez
Frank Fernandez

---

ordinary in that he is not eligible for the 12 month early release credit. See Chp. 6.1.1(a)(1)(vi)(B), located in Chp. 6, page 1. Therefore 24 months remaining on his sentence will suffice for him to enter the program.